GARRISON, Judge.
This is an appeal from a judgment of the district court rendered September 19, 1983 and signed October 10, 1983 reducing child support payments from $1100.00 per month to $750.00 per month, effective August 16, 1983. From that judgment in his favor, the non-custodial parent appeals, arguing that he should be relieved from the burden of paying child support or alternatively, the amount should be further reduced.
Christy Leggio and Ernest Bernard Gonzales were married in St. Bernard Parish. There is one child issue of the marriage, Cassie Jo Gonzales, age 7. The Gonzaleses separated "in 1975. A judgment of divorce was rendered July 6, 1983 awarding custody to the mother and ordering the father to pay $1100.00 monthly child support. The July 6th judgment was not appealed. On August 16, 1983, the non-custodial parent filed a motion to reduce child support.
*193 The custodial parent filed a statement of expenses and income indicating a net monthly income of $1520.00 and monthly expenses of $2686.00. It was on this basis that the $1100.00 per month child support was awarded. The party seeking the reduction did not file an expense list, but repeatedly stated that he was unemployed and had no income. Under examination, however, it was revealed that he owned some real estate in Chalmette which he had sold, although he denied having any money from the sale. He also owned rental property on Marais Street and Port Street. Both pieces of property were sold to an ex-wife (not Christy Leggio Gonzales, plaintiff in the instant ease, but rather another ex-wife), but Mr. Gonzales denies receiving any money from either sale. Mr. Gonzales is further involved in a suit seeking damages for injuries sustained by him in an automobile accident. Although “unemployed” Mr. Gonzales testified that he has not applied for unemployment compensation. He presently lives with family members and does odd jobs for them for which he is paid cash. Lastly, Mr. Gonzales has not made any payments on the prior child support award, although he testified that he gave $50.00 cash to the child on one occasion. That testimony was uncorroborated.
The trial court judge committed an error of law. In order for a prior judgment to be increased or reduced, the mover must show that a change in circumstances has occurred. The prior judgment of July 6, 1983 granting $1100.00 was not appealed and is a final judgment. On the record, appellant made absolutely no showing of change in circumstances between July 6, 1983 and August 16, 1983. In fact, all of the evidence establishes that no change in circumstances has occurred. This court believes that justice, equity, and consistent application of the law[1] would require that the judgment appealed from be vacated, annulled and set aside. Unfortunately, however, appellee has not filed a separate appeal, thus this court has only two options: to decrease the amount in the October 10th judgment or to affirm the judgment. Thus we are placed between Scylla and Charybdis.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. See: C.C.P. Art. 2164.